# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**DOUGLAS R. MILLER**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

July 25, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Inez D. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 18-2839-DRM

Dear Plaintiff and Counsel:

On September 12, 2018, Plaintiff Inez D. ("Plaintiff"), proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits.  ECF No. 1. This case was then referred to me with the parties' consent.  *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023).  I have considered the record in this case (ECF No. 19) and the parties' filings (ECF Nos. 26, 29).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will AFFIRM the Commissioner's decision.  This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on November 28, 2012, alleging a disability onset of September 15, 2009.  Tr. 9.  That same day, Plaintiff filed an application for Hospital Insurance (Medicare Part A) benefits as a Medicare Qualified Government Employee, alleging a disability onset of November 5, 2012.  Tr. 9.  Plaintiff's Hospital Insurance benefits were approved initially, with the November 5, 2012, established disability onset date.  Tr. 95.  Plaintiff filed a second DIB application on April 6, 2013, alleging a disability onset of November 5, 2012.  Tr. 111.  Plaintiff was issued award notices on August 27, 2013, and October 6, 2013, reflecting Medicare Hospital Insurance beginning May 2015.  Tr. 52-65, 96-97, 100-01.

Plaintiff's second DIB claim was denied initially, and Plaintiff requested reconsideration of the established onset date and date last insured.  Tr. 69, 102, 111-16.  Plaintiff's claim was denied at the reconsideration level for lack of insured status, specifically, Plaintiff was not entitled

---

[1] Plaintiff filed this case against Nancy Berryhill, the Deputy Commissioner of Social Security on September 12, 2018.  ECF No. 1.  Frank Bisignano became the Commissioner of Social Security on May 7, 2025.  Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).  *See* Fed. R. Civ. P. 25(d).

*Inez D. v. Bisignano*
Civil No. 18-2839-DRM
July 25, 2025
Page 2

to cash benefits because a portion of Plaintiff's earnings arose from non-covered work and did not change the date last insured. Tr. 102-03, 106-07, 111-16, 129. Plaintiff filed another request for reconsideration, asking for an earlier onset date. Tr. 111. A reconsideration notice dated May 9, 2016, informed Plaintiff that her DIB was denied because she engaged in substantial gainful activity until November 5, 2012, and her employer reported that her earnings had not been subsidized; the reconsideration notice also informed Plaintiff that her entitlement to Hospital Insurance continued. Tr. 111-16.

On November 28, 2017, an Administrative Law Judge ("ALJ") held a hearing. Tr. 153-205. Following the hearing, on January 31, 2018, the ALJ issued a decision addressing Plaintiff's DIB application. Tr. 66-73. The ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] from September 15, 2009, through March 31, 2012, concluding that Plaintiff's last date insured was March 31, 2012; Plaintiff engaged in substantial gainful activity from September 15, 2009 to November 5, 2012; and through March 31, 2012, there was no continuous 12-month period during which Plaintiff did not engage in substantial gainful activity. Tr. 72-73. The Appeals Council denied Plaintiff's request for review, Tr. 75-79, and Plaintiff then appealed to this Court, Tr. 84-85. This Court remanded Plaintiff's case on March 8, 2019, to the Commissioner for further consideration pursuant to the parties' consent due to missing evidence from the claim file. Tr. 80-82.

On August 12, 2021, the ALJ held a second hearing. Tr. 20-51. Plaintiff's claim file was reconstructed with the assistance of Plaintiff's representative. Tr. 10. On September 29, 2021, the ALJ found Plaintiff was not disabled from September 15, 2009, through March 31, 2012. Tr. 6-14. The Appeals Council declined to assume jurisdiction, Tr. 1-5, so the second ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "engaged in substantial gainful activity from September 20, 2009 through March 31, 2012." Tr. 13. The ALJ also determined that

---

[2] 42 U.S.C. §§ 301 et seq.

*Inez D. v. Bisignano*
Civil No. 18-2839-DRM
July 25, 2025
Page 3

"[t]hrough March 31, 2012, there was no continuous 12-month period during which [Plaintiff] did not engage in substantial gainful activity." Tr. 13. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 13-14.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

When reviewing a *pro se* Social Security appeal, the Court must "(1) examin[e] whether the SSA's decision generally comports with regulations, (2) review[ ] the ALJ's critical findings for compliance with the law, and (3) determin[e] from the evidentiary record whether substantial evidence supports the ALJ's findings." *Young R. v. Comm'r Soc. Sec. Admin.*, No. SAG-18-2980, 2019 WL 2078637, at *1 (D. Md. May 10, 2019) (quoting *Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005)).

## IV.    ANALYSIS

Plaintiff's correspondence does not explain how the SSA erred but broadly contends that the SSA improperly "did not entitle [her] to cash benefits stating [her] 'date of insured expired 3/2012,'" and that she "had to present medical documentation proving [she] was under restrictions with [her] employer and [she] did." ECF No. 26.[3] Defendant counters that substantial evidence

---

[3] On December 9, 2024, the Court directed Plaintiff to file a written response explaining how the SSA erred in adjudicating Plaintiff's claim, or at a minimum, indicating whether Plaintiff intends to proceed with the Complaint. ECF No. 25. After Plaintiff "filed a one-page handwritten letter, apparently attempting to explain what went wrong with her social security disability claims and her belief in entitlement to some benefits[,]" *see* ECF No. 26, the Court noted on February 11, 2025, that "[a]lthough Plaintiff's letter does not seem to clearly explain how the SSA erred in adjudicating her claims, it suffices to show her intent to proceed with the Complaint and seek judicial review of the SSA's action." ECF No. 27. The Court will liberally construe Plaintiff's correspondence to consider, among others, whether the SSA's decision comported with regulations and complied with the law, and whether substantial evidence supports the ALJ's decision. *See Young R.*, 2019 WL 2078637, at *1.

*Inez D. v. Bisignano*
Civil No. 18-2839-DRM
July 25, 2025
Page 4

supports the ALJ's step one finding because Plaintiff's work constituted substantial gainful activity ("SGA").  ECF No. 29 at 7-9.

After careful review of the ALJ's opinion and the record, the Court finds that the ALJ's decision applied the correct legal standards and that the conclusions are supported by substantial evidence.  Pursuant to SSA regulations, claimants are not found to be disabled during periods in which they engage in "substantial gainful activity," 20 C.F.R. § 404.1520(a)(4)(i), which is defined as "work activity that is both substantial and gainful," *id.* § 404.1572.  Work activity is "[s]ubstantial" if it "involves doing significant physical or mental activities." *Id.* § 404.1572(a).  "Gainful" work activity is "the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b).  The SSA has established income guidelines that "set a floor for earnings that presumptively constitute substantial gainful activity." *Adams v. Colvin*, No. 14-1540, 2016 WL 3566859, at *9 (N.D.N.Y. June 23, 2016) (emphasis omitted).

As an initial matter, the ALJ found that Plaintiff's last date insured is March 31, 2012.  Tr. 12.  The ALJ noted that Plaintiff contested her earnings record, and "alleged that her 2008 non-covered earnings from the City of Cincinnati for $2,778.00 should be covered earnings." Tr. 12.  The ALJ observed that a reconsideration determination found that Plaintiff "did not have covered earnings in 2008 or 2009 except for $1,611.00 in 2009 such that there were no changes needed to her insured status." Tr. 12.  The ALJ determined that "[b]ased on a thorough review of the record, [Plaintiff] has not presented any evidence to overcome the presumption that her [earnings record] is correct.  She submitted her W-2s for 2008-2009 but they are the same as what was received by Social Security." Tr. 12-13.  The ALJ also noted that "queries confirm that her [earnings record] has not been changed and her current [date last insured] is March 31, 2012." Tr. 13.

At step one, the ALJ found that Plaintiff engaged in substantial gainful activity from September 20, 2009 through March 31, 2012.  Tr. 13; *see* 20 C.F.R. 20 CFR §§ 404.1520(b), 404.1571.  The ALJ noted that Plaintiff alleged disability beginning September 15, 2009; yet Plaintiff acknowledged working from November 2007 to November 2012.[4]  Tr. 13.  The ALJ observed that the "record shows (non-covered) earnings of $16,983.70 in 2009, and earnings of $14,902.42 in 2010, $17,730.94 in 2011, and $17,874.54 in 2012." Tr. 13.  The ALJ determined that while Plaintiff alleged that she did not work from June through August 2012, "the record confirms a break in work activity for only a short period in September 2012.  Her earnings were averaged over the period of work activity and exceeded SGA thresholds." Tr. 13.

Additionally, the ALJ observed that Plaintiff "attempted to rebut the SGA presumption from her earnings" by alleging "that she did not work for several months but could not specify the period." Tr. 13.  The ALJ found that there was "no evidence of a significant break in the continuity of employment or forceful change to another type of work or employer such that her work attempt

---

[4] The Commissioner notes that Plaintiff "testified that at her last job with the Cincinnati Public School[s], as a paraprofessional, she stopped work in May 2012 (due to a fall near the end of the school year) and returned in August at the beginning of the school year with her last day being November 4, 2012 'due to disability' and her 'son being killed.'" ECF No. 29, at 7 (citing Tr. 37-39, 41-42).

*Inez D. v. Bisignano*
Civil No. 18-2839-DRM
July 25, 2025
Page 5

was not unsuccessful." Tr. 13. The ALJ also determined that Plaintiff's argument for Impairment Related Work Expenses (IRWEs) was "not substantiated by other evidence." Tr. 13. Further, the ALJ acknowledged that Plaintiff alleged special restrictions, but found that Plaintiff's "employer denied imposing any accommodations and gave her an excellent rating" through May 2012. Tr. 13. The ALJ concluded that "[a]s such, there are no subsidies to reduce her earnings below the SGA threshold." Tr. 13.

Moreover, the ALJ found there to be "some inconsistency among the subjective statements in this case." Tr. 13. The ALJ noted that Plaintiff initially argued against her earnings as presumed SGA; however, through Plaintiff's representative at the hearing, Plaintiff "conceded essentially that if her date last insured is March 31, 2012, she performed SGA continuously through the date last insured." Tr. 13. As such, the ALJ concluded that based on Plaintiff's "earnings record, employer statements, and lack of evidence beyond unsupported allegations to the contrary," Plaintiff engaged in SGA through the date last insured of March 31, 2012. Tr. 13. The ALJ also determined that "[t]hrough March 31, 2012, there was no continuous 12-month period during which [Plaintiff] did not engage in substantial gainful activity." Tr. 13.

Because the ALJ determined that Plaintiff engaged in substantial gainful activity, the ALJ appropriately concluded that Plaintiff was not disabled. Tr. 13-14; *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) ("If [the claimant is] doing substantial gainful activity, [the SSA] will find [the claimant is] not disabled."); *see also* 20 C.F.R. §§ 404.1520(b), 416.920(b) ("If [the claimant is] working and the work [the claimant is] doing is substantial gainful activity, [the SSA] will find that [the claimant is] not disabled regardless of [the claimant's] medical condition or [the claimant's] age, education, and work experience."). Here, the ALJ relied upon "more than a mere scintilla" of evidence to form their step-one conclusions. *Laws*, 368 F.2d at 642. Although a reasonable factfinder might have viewed the evidence differently, the Court must uphold the ALJ's findings because they are "supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Ultimately, the Court's review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig*, 76 F.3d at 589. Even if there is other evidence that may support Plaintiff's position, the Court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). In considering the entire record, and given the evidence outlined above, the Court finds that the ALJ supported the decision with substantial evidence and applied the correct legal standards. *See Monica E. v. Comm'r, Soc. Sec. Admin.*, No. SAG-23-1726, 2024 WL 2864435, at *2-3 (D. Md. June 6, 2024) (concluding that "[b]ecause the ALJ's step-[one] findings were reached in accordance with governing law and supported by substantial evidence, the Court must uphold them.").

*Inez D. v. Bisignano*
Civil No. 18-2839-DRM
July 25, 2025
Page 6

## V.  **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


Sincerely,


/s/

Douglas R. Miller
United States Magistrate Judge